### No. 10,209.

### J. NUMA AVEGNO vs. CITIZENS' BANK OF LOUISIANA.

An original stockholder who signs without qualification a subscription for new stock to increase the original stock, is not entitled to cancellation of his subscription and to repetition for the amount paid in, on the ground that *all* the new shares were not subscribed for.

In the absence of any stipulation or limitation to the contrary, his subscription is not contingent or dependent upon the taking of all the shares, but is absolute and binds him accordingly.

A PPEAL from the Civil District Court for the Parish of Orleans. *Voorhies*, J.

*W. S. Benedict* for Plaintiff and Appellant.

*G. A. Breaux* and *H. C. Miller* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The object of this suit is to annul a resolution of the board of directors of defendant bank increasing the capital and opening a subscription for the new stock and to compel restitution of a sum paid by the plaintiff, in satisfaction of the new stock subscribed for by him.

From a judgment sustaining an exception of no cause of action, the plaintiff appeals.

It appears that the bank having sustained losses, the original capital was reduced to $350,000, but with which it could not transact its business.

It was then resolved that an additional capital of $250,000 should be secured and a subscription list was opened, with a preference in favor of stockholders.   Only $25,000 of the new capital was subscribed for, plaintiff participating to the extent of 25 shares of $100 each.

Weeks, tutrix, vs. Railroad Company.

Grounding himself upon the circumstances that the entire 2500 shares which might have been, were not subscribed for, as he expected, the plaintiff contends that his subscription should be annulled and the money paid refunded him.

There is no allegation in the petition, that when the plaintiff subscribed he did so, on the formal condition that all the shares would be subscribed for.

Had he done so, and had the shares not been subscribed for, he would have been entitled to relief.

The subscription list is not attached to the petition and it must be inferred from its absence that the caption does not contain the qualification.

Had 2,499 of the shares been subscribed for and the subscription paid in, could the subscribers on the sole ground that one share had not been subscribed for, ask the cancellation of their subscription and the return of the money paid over? Surely not, for the plain reason, that the subscription not having been made contingent on a subscription for all the shares, was voluntary, unqualified and absolute and not susceptible of any rescission or revocation.

The plaintiff is therefore concluded by his spontaneous act in the premises.

Judgment affirmed.